STELLA C. HOLMAN, by Next Friend, Respondent,
v. THE PINTO CREEK MINING & SMELTING
COMPANY, Appellant.

Kansas City Court of Appeals, November 9, 1903.

Demurrer to Evidence: INFANT'S SERVICES: FATHER'S CON-
TRACT: JURY QUESTION. On a demurrer to the evidence, the
court and the jury may consider not only the direct evidence in
plaintiff's behalf, but make every reasonable inference to be drawn
therefrom; and *held*, that a verdict for an infant should stand, not-
withstanding evidence of her father's contract that she should work
without compensation.

Appeal from Buchanan Circuit Court.—*Hon. W. K.
James,* Judge.

AFFIRMED.

*Grant S. Watkins* and *A. S. Dickson* for appellant.

(1) The cause should be reversed because there is
no evidence in the case, upon which to base a verdict, and
the judgment was rendered outside of the issues framed
by the pleadings and supported by the evidence, is im-
proper, and should be reversed. Smith v. St. Louis
Transit Co., 92 Mo. App. 41. (2) The verdict is mani-
festly against the law and the evidence, and the verdict
should be reversed. Roman v. Boston Trading Co., 87
Mo. App. 183. (3) The court erred in overruling the
general demurrer to the evidence offered by the defend-
ant at the close of plaintiff's case, because there was no
evidence on which to base a verdict against the
defendant. Baustian v. Young, 152 Mo. 317.

*G. O. Holman* for respondent.

ELLISON, J.—This action is for personal services and was begun before a justice of the peace and was taken to the circuit court on appeal where plaintiff had judgment for forty dollars.

The best we can gather from a meager and imperfect record is that plaintiff bases her right to the judgment in her favor on the ground that she did work for defendant as a stenographer which was accepted by defendant and for which she has never been paid. The defense does not deny the performance of the work but contends that it was to be done gratuitously and that her father agreed that it should be.

The record brought here by defendant leaves much to conjecture and the plaintiff has not filed anything to help the matter. We do not find anything in the record which would justify us in overturning the judgment. There was evidence from which the jury could well base the verdict. The demurrer to the testimony allowed the court and jury not only to consider the direct evidence in plaintiff's behalf, but permitted *every reasonable inference* to be drawn therefrom. When so considered, the verdict should be supported, notwithstanding defendant's contention that plaintiff was an infant and that her father agreed that her work should not be charged for.

We think the court's action on the instructions was correct and that the case was properly submitted. Judgment affirmed. All concur.